Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

The information charged appellant under article 1410 of the P. C. with theft of seed cotton of the value of $8.75. The punishment for theft of property under the value of $50 and over the value of $5 is imprisonment in jail not exceeding two years, and by fine not exceeding $500, or by such imprisonment without fine. See article 1422, P. C., as amended by Acts 40th Leg., p. 232, c. 157 (Vernon's Ann. P. C. art. 1422). The 41st Leg. (1929) c. 28, p. 62 (Vernon's Ann. P. C. art. 1426a), apparently attempted to define an offense for fraudulently taking cotton or cotton seed, and fixing a penalty therefor in the following language: "Whoever shall fraudulently take cotton and cotton seed or either cotton or cotton seed under the value of Fifty ($50.00) Dollars, shall upon conviction for the first offense be fined not less than. Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars and by confinement in the County Jail not less than thirty (30) days nor more than six (6) months; and for the second and subsequent offenses he shall be punished by confinement in the Penitentiary not less than one year nor more than five years."

In the present case the court over objection authorized the penalty fixed by the act of the Forty-First Legislature, and appellant's punishment was assessed at a fine of $50 and 30 days in jail. This is precisely the situation which arose in Musick's Case, reported in (Tex. Cr. App.) 51 S.W.(2d) 715, in which the act of the Forty-First Legislature was held invalid. For the same reason the judgment in the present case cannot stand.

Appellant urges that the evidence does not support the verdict. We do not discuss it, but express grave doubts as to its sufficiency. It may not be the same on another trial should one be had.

For the error in the penalty authorized in the court's instructions, the judgment is reversed, and the cause remanded.

**H. L. BULLARD v. STATE.**

No. 15929.

Court of Criminal Appeals of Texas.

April 5, 1933.

Bozeman & Cathey, of Quitman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**E. J. GARNER v. STATE.**

No. 15756.

Court of Criminal Appeals of Texas.

March 29, 1933.

W. D. Colvin, of Waxahachie, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

The indictment is regular. The evidence heard in the trial court is not brought up for review. There are no legal questions presented by bills of exception or otherwise.

The judgment is affirmed.